UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE SCOTT,

                Plaintiff,

        v.

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.

---

23 Civ. 9318 (DEH)

**OPINION
AND ORDER**

---

DALE E. HO, United States District Judge:

Plaintiff Wayne Scott ("Plaintiff") brings claims of age discrimination and retaliation against Defendant New York City Transit Authority ("Defendant" or "NYCT") under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Age Discrimination in Employment Act of 1967 ("ADEA"); the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL"). *See* Compl. 3-4,[1] ECF No. 1. Before the Court is Defendant's motion to dismiss Plaintiff's complaint. *See* ECF No. 14. For the reasons discussed herein, Defendant's motion is **GRANTED**.

## BACKGROUND

### A. Factual Background

For purposes of adjudicating Defendants' motion to dismiss, the following facts are drawn from the Complaint, unless otherwise indicated, and assumed to be true—with all reasonable inferences drawn in favor of Plaintiff. *See Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023).[2] Because a "complaint is deemed to include any written instrument attached to it as an

---

[1] Page numbers are in reference to ECF-stamped numeration.

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

exhibit or any statements or documents incorporated in it by reference," the Court considers attachments to Plaintiff's Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Additionally, given that Plaintiff proceeds *pro se*, the Court considers facts alleged in Plaintiff's opposition brief. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (considering additional facts alleged in a *pro se* plaintiff's opposition brief as supplementing the pleadings).

During the relevant period, Plaintiff was a 60 to 61-year-old employee of the NYCT. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") 3, 29, ECF No. 21. During the relevant period, Plaintiff worked under General Superintendent Kenson Thomas ("Kenson").[3] *See id.* at 5, 7. Defendant is a public benefit corporation that operates fixed transportation systems. *See* N.Y. State Pub. Authorities L. §1201, *et seq*.

Between 2021 and 2022, Kenson "repeatedly and purposely" assigned Plaintiff to "cold weather assignments," i.e., assignments to provide services in cold weather. *See* Compl. 7. Unlike Plaintiff's co-workers—all of whom were between 20 and 25 years of age, *see* Pl.'s Opp'n 3—Plaintiff was never rotated off cold weather assignments. *See* Compl. 7. Kenson "knew" that a man of Plaintiff's age was at greater risk of contracting the COVID-19 virus "due to [his] immune system not being as strong as [his] younger co-workers." *Id.* By giving Plaintiff cold weather assignments and declining to rotate him off these assignments, Kenson was "purposely attempting to ca[u]se harm [to Plaintiff] by way of COVID 19." *Id.*

In or around March 2022, Plaintiff complained to his union about discrimination. *See* Pl.'s Opp'n 5. On June 6, 2022, the day Plaintiff was "supposed to be upgraded to [a] permanent position from a provisional position," Plaintiff's employment was terminated. *Id.*

---

[3] Plaintiff refers to Kenson Thomas as "Kenson" or "Mr. Kenson" throughout his pleadings. For ease of reference, the Court adopts the same shorthand.

Plaintiff raises the following additional facts in support of his equitable tolling claim. Plaintiff's mother passed away on March 26, 2022. *See id.* at 37. "Due to the death of [his] mother, [Plaintiff] was very stressed and suffering from complicated grief." *Id.* at 17. More specifically, Plaintiff suffers from "prolonged grief disorder," which has "interfere[d] with [his] daily life." *Id.* As a result of his condition, Plaintiff filed suit "after the required time limit." *Id.*

**B.  Procedural History**

Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on September 1, 2022. *See* Compl. 8. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC; acknowledged that the Notice was dated July 6, 2023; and acknowledged that he received the Notice on July 9, 2023. *See id.*

Plaintiff filed suit in federal court on October 23, 2023. *See generally id.* On February 2, 2024, Defendant filed the motion to dismiss, *see* ECF No. 14, which is now fully briefed before the Court.

**LEGAL STANDARDS**

**A.  Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir.

2012).  However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 107 (2d Cir. 2021) (quoting *Twombly*, 550 U.S. at 555).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief."  *Id.*; *accord Walker v. Kosann*, 23 Civ. 4409, 2024 WL 922642, at *7 (S.D.N.Y. Feb. 16, 2024) ("[E]ven pro se plaintiffs' claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."), *report and recommendation adopted*, 2024 WL 923314 (S.D.N.Y. Mar. 4, 2024).  In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove."  *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Rule 8(c)(1)).  Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Id.*  "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleading stage 'if [the] complaint clearly shows the claim is out of time.'"  *Whiteside v. Hover- Davis*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

**B.  Leave to Amend**

"Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  "Where the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint,

4

an opportunity to replead would be 'futile' and 'should be denied.'" *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 548-49 (S.D.N.Y. 2015) (quoting *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000)), *aff'd sub nom. Tongue v. Sanofi*, 816 F.3d 199 (2d Cir. 2016).

**DISCUSSION**

For the reasons discussed herein, Plaintiff's federal claims are dismissed with prejudice to renewal, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

### A. Federal Claims

To pursue either a Title VII or ADEA claim, a plaintiff must file his federal suit within 90 days of receiving a right-to-sue notice from the EEOC. *See Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018) (Title VII); *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 563 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) (ADEA). "Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike." *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022, 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018). Accordingly, "[i]f a *pro se* plaintiff misses h[is] deadline by a few days, or even one day, h[is] action must be dismissed as untimely." *Id.*

Here, Plaintiff's Notice of Right to Sue was dated July 6, 2023. *See* Compl. 6. Plaintiff received it from the EEOC on July 9, 2023. *See id.* 8. As stated in the Notice, Plaintiff was required to file his Title VII and ADEA claims "**WITHIN 90 DAYS**" of his receipt of the Notice. *Id.* (emphasis in original). Thus, Plaintiff had until October 7, 2023, at the latest to commence an action asserting either Title VII or ADEA claims. Plaintiff filed suit on October 23, 2023. *See* Compl. Because Plaintiff failed to file suit within 90 days of receiving his Notice, his federal claims are untimely.

5

### 1. Equitable Tolling

The Court next considers whether Plaintiff's untimeliness may be excused. Plaintiff does not deny that his complaint was untimely. *See* Pl.'s Opp'n 17 (acknowledging that the case was filed "after the required time limit"). Instead, he argues that his stress and grief prompted by his mother's death in March 2022 caused him to file suit belatedly. *See id.*

While the Court ordinarily "lacks the authority to extend the [Title VII or ADEA] 90-day limitations period *by even one day*," an exception applies where a plaintiff "has established a basis for equitable tolling." *Garnes v. Pritchard Indus., Inc.*, No. 20 Civ. 3843, 2023 WL 3980693, at *9 (S.D.N.Y. May 23, 2023) (emphasis added), *report and recommendation adopted*, No. 20 Civ. 3843, 2023 WL 3977882 (S.D.N.Y. June 13, 2023). "However, equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). To determine whether equitable tolling is applicable, district courts "consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period []he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81. With respect to the latter prong, "it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

As to the first prong, Plaintiff does not allege that he acted with reasonable diligence— i.e., actively pursued his claims—during the period he sought to have tolled. *See generally* Compl. This is grounds alone to conclude that equitable tolling is unwarranted. *See Gager v. Principi*, 300 F. App'x 30, 31 (2d Cir. 2008) (rejecting a *pro se* plaintiff's claim that she was entitled to equitable tolling due to her father's illness and death, as "these circumstances are

6

insufficient to warrant equitable tolling because she did not act diligently during the ninety-day period"). As to the second prong, "[p]ersonal issues, including . . . the illness or death of a loved one, 'do not present the extraordinary circumstances necessary to invoke the rare and exceptional doctrine of equitable tolling where there is no reason to believe that Plaintiff was prevented from proceeding.'" *Hollingsworth v. Theatrical Teamsters Union Loc. 817 IBT*, No. 16 Civ. 4700, 2020 WL 2219212, at \*5 (E.D.N.Y. May 7, 2020) (quoting *Rock v. Mustich*, No. 08 Civ. 4976, 2009 WL 2391776, at \*2 (S.D.N.Y. Aug. 3, 2009)). Even assuming *arguendo* that they did, Plaintiff fails to allege facts that demonstrate how his mother's death—which occurred 19 months before the filing deadline—"*caused* [Plaintiff] to miss the original filing deadline. *Harper*, 648 F.3d at 137 (emphasis added).

The Court is sympathetic to Plaintiff for his loss. The Court nonetheless is required to apply the limitations period attached to Plaintiff's claims, and it cannot conclude from Plaintiff's pleadings that rare and extraordinary circumstances—as those terms have been applied in the relevant caselaw—prevented him from timely filing suit such that equitable tolling applies. Accordingly, Plaintiff's federal claims are dismissed.

### 2. *Leave to Amend*

The Court next considers whether leave to amend may be granted. "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). Here, Plaintiff has not requested leave to amend, and therefore has not identified how further amendment would cure any deficiencies with his pleadings. *See Vasquez v. Reece Sch.*, No. 22 Civ. 5986, 2024 WL 497433, at \*2 (S.D.N.Y. Feb. 8, 2024) (denying leave to amend when a plaintiff fails to identify deficiencies or fails to cure deficiencies). Nonetheless, the Court has determined that amendment would be futile here, where Plaintiff's federal claims

7

are time-barred on the face of the Complaint.  It therefore dismisses Plaintiff's federal claims with prejudice to renewal.

### B. State and City Claims

Because it dismisses Plaintiff's federal claims with prejudice, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404 (2d Cir. 2017) (Calabresi, J., concurring) ("[A]fter all federal claims have been dismissed, the default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so."). Accordingly, all claims raised by Plaintiff under state and city law are dismissed, without prejudice to refiling in state court.  To be clear—without making any holding or otherwise commenting on the viability of Plaintiff's claims under state and city law—the Court's opinion in this case does not prohibit Plaintiff from re-filing his state and city law claims in state court.

### CONCLUSION

For the reasons given herein, Defendant's motion to dismiss is **GRANTED**.

The Clerk of Court is respectfully requested to terminate ECF No. 14 and to close the case.

SO ORDERED.

Dated: July 16, 2024
     New York, New York

 

_____

DALE E. HO
United States District Judge